BOLIN, Judge.
This appeal stems from a procedurally complicated lawsuit which resulted in two judgments, both awarding plaintiff husband a final divorce and the permanent custody of the minor child born of the marriage. The first judgment was signed December 14, 1972, and the second on June 21, 1973, the latter purporting to be a confirmation of default. Defendant filed a petition seeking annulment of the first judgment and a motion for a new trial. The minutes of the court reflect the motion for a new trial was overruled. Defendant has appealed and plaintiff filed a motion to dismiss the appeal.
During these earlier proceedings and prior to July 13, 1973, both appellant and appellee were represented by counsel other than the present attorneys of record.
We shall consider first the validity of the judgment of December 14, 1972. A chronological narrative of the various pleadings and procedures is necessary to an understanding of the issues before us.
Petitioner filed suit in Bossier Parish on August 1, 1972, seeking a divorce from his wife on the grounds of adultery and asking the court to award him permanent custody of the minor child, Jennifer; alternatively he asked for separation from bed and board and temporary custody of the child.
Attempts to serve the above petition on Mrs. Turnley were unsuccessful, but on September 5, 1972, defendant’s counsel filed exceptions of lis pendens and res ju-dicata, alleging a prior separation obtained in Caddo Parish was still effective and, further, that the wife had already filed suit in Caddo Parish against her husband for final divorce. Immediately thereafter, on September 12, service of citation of plaintiff’s rule for custody was accomplished by serving Mrs. Turnley through her attorney. On October 26, 1972, the rule for custody was called, the exceptions of lis pendens and res judicata filed by de *260 fendant were overruled, testimony was heard and the case was taken under advisement.
A judgment awarding the father temporary custody was rendered, read and signed in open court on November 27, 1972, the judgment reciting that attorneys for the parties were present. There is a notation by the clerk, appearing at the bottom of this judgment, stating a copy of the judgment was handed to the husband’s attorney and another copy was mailed to the wife’s attorney. The following day plaintiff filed a rule to show cause why defendant and her mother, who had physical custody of the child, should not be held in contempt for refusing to comply with the custody order. The contempt rule was called November 30, 1972, but by agreement the contempt charges were dismissed and, according to the minutes, judgment was rendered awarding Daniel Turnley a final divorce and permanent custody of the child. Formal judgment in accordance with the foregoing was rendered, read and signed in open court on December 14, 1972. The minutes reflect that at the time the “oral judgment” was rendered, i. e., November 30, 1972, counsel ' for Rebecca Turnley made an oral motion for a devolutive appeal which was granted by the court, conditioned on the filing of an appeal bond of $300. There is no record of an application for nor order of appeal subsequent to the signing, on December 14, 1972, of the final judgment of divorce and permanent custody.
Defendant filed an appeal bond February 27, 1973, or approximately 74 days after judgment was signed, but the record was never lodged in this court nor was any further action taken relative to that appeal.
The delay for taking an appeal from a judgment of divorce and the awarding of custody is provided in Louisiana Code of Civil Procedure Articles 3942 and 3943:
Art. 3942
“An appeal ■ from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).” (Emphasis added)
Art. 3943
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942 [thirty days]. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.” (Emphasis added)
The thirty-day delay for perfecting the appeal (by furnishing the security therefor) in divorce and custody cases commences to run at the expiration of the delay for applying for a new trial as provided by C.C.P. Article 1974, if no application has been timely filed.
Art. 1974:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.” (Second paragraph inapplicable to instant case.) (Emphasis added)
Since no new trial was applied for, the three-day delay referred to in Article 1974 commenced to run on December 15, 1972, the day after the judgment was signed. Since December 15, 1972 was on Friday, the third day, exclusive of legal holidays, was December 19, 1972, and the thirty days in which defendant could have perfected her appeal ended January 18, 1973. The record shows an appeal bond was not filed until February 27, 1973; hence no appeal was timely perfected and the judgment of December 14, 1972, became final on January 18, 1973, and is no longer subject to reversal in the present appeal.
Our determination disposes of appellant’s two arguments, advanced in brief, (1) that *261 the judgment of December 14, 1972 should he declared invalid because no answer was filed and there was never a trial on the merits; (2) that the December 14, 1972 judgment was not supported by the law and the evidence.
This brings us to the attack on the default judgment of June 21, 1973, wherein appellant alleges the trial judge abused his discretion in refusing to grant a new trial because the judgment appears clearly contrary to the law and the evidence. (C.C.P. Art. 1972) In support of this argument appellant cites Louisiana C.C.P. Art. 1702:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. * * *”
Appellant’s argument is that appellee failed to present a prima facie case when the default was confirmed. In confirming the default the trial judge prefaced the judgment as follows:
“This cause having come on trial on November 30, 1972, after an oral answer had been filed by defendant through her attorney and judgment was rendered, but since neither the minute entry nor the record indicates that a formal answer has been filed and out of an abundance of precaution judgment rendered as stated above is confirmed by default as follows :
“IT IS ORDERED, ADJUDGED, AND DECREED that Petitioner, Daniel Rivers Turnley, be granted a divorce ‘a Vin-culo Matrimonii’ against Defendant, Rebecca Ruth Boswell Turnley, forever dissolving the bonds of matrimony.
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that permanent custody of the minor child, Jennifer Jean Turnley, be granted to Petitioner, Daniel Rivers Turnley.”
While we question the necessity for obtaining the default judgment, we observe it is merely a repetition of the judgment of December 14, 1972, rendered after hearing considerable testimony. There was no attempt to change the content or effect of the prior judgment, which had become final by the failure of appellant to perfect an appeal therefrom. Although the first judgment may possibly be subject to attack by a direct action to annul, that question is not before us. There was no ruling on the petition to annul filed herein, nor could there have been in the posture it was in at the time of the denial of the motion for a new trial. In view of our conclusions we pretermit a discussion as to whether the motion for new trial was timely, more than 21 days having elapsed between the signing of the judgment and the filing of the motion.
For the reasons assigned the appeal insofar as it may be directed at the judgment of December 14, 1972, is dismissed. The judgment signed June 21, 1973, being a restatement of and based upon the same evidence adduced prior to the final judgment of December 14, 1972, is affirmed at appellant’s cost.